[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.R.Op.3(A).
Defendant-appellant Mayso Stevenson Jr., appeals the judgment of the trial court convicting him of two counts of nonsupport of dependents in violation of R.C. 2919.21(A)(2). He was convicted of these offenses following the entry of a guilty plea. He was sentenced to five years of community control and a six-month term in the Hamilton County Justice Center as a condition of his community control.
After thoroughly reviewing the record and the applicable law, Stevenson's appointed appellate counsel, pursuant to Anders v.California,[1] states in her brief that she has found no errors in the proceedings below and has filed a motion to withdraw as counsel.
Under Anders, this court is now charged with the task of independently reviewing the record for any prejudicial errors that would warrant the reversal of Stevenson's convictions. The plea and sentencing transcripts reveal that Stevenson understood the import and consequences of his plea of guilty, as required by Crim.R.11(B) and Crim.R. 11(C)(2). Thus, after reviewing the entire record, we conclude that prejudicial error did not attend the proceedings below, and we hold that there are no grounds to support a meritorious appeal. The judgment of the trial court is, therefore, affirmed, and appellate counsel's motion to withdraw is overruled.
Although we have concluded that this appeal is frivolous pursuant to App.R. 23 and is without "reasonable cause" under R.C. 2505.35, we refrain from taxing costs and expenses against Stevenson because it is clear from the record that he is indigent.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Hildebrandt and Winkler, JJ.
[1] (1976), 386 U.S. 738, 87 S.Ct. 1396.